IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:16-cv-02057-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| MONTINA JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff, an inmate at South Central Correctional Facility in Clifton, Tennessee, sued pro se under 42 U.S.C. § 1983 alleging that Defendant showed deliberate indifference to his medical needs. (ECF No. 1; ECF No. 12.) Plaintiff's complaint concerns his previous incarceration as a pre-trial detainee at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee. (*Id.*)

Defendant now moves for summary judgment. Plaintiff has not responded to Defendant's motion.[1]

For the reasons below, the Court **GRANTS** Defendant's motion for summary judgment and **DISMISSES** Plaintiff's claim.

---

[1] Plaintiff failed to respond timely to Defendant's motion for summary judgment under Local Rule 56.1(b). So the Court issued an order to show cause ordering Plaintiff to set forth the reasons for his failure to respond timely, and to address why the Court should not grant Defendant's motion to dismiss. (ECF No. 48.) Plaintiff never responded to the Court's order to show cause. So the Court held a status conference to gauge Plaintiff's intention to respond to Defendant's motion for summary judgment. (*See* ECF No. 50.) During the conference, Plaintiff informed the Court and Defendant that he no longer desired to pursue this action. (*Id.*) The Court will thus proceed with analyzing Defendant's motion for summary judgment as if it were unopposed.

**BACKGROUND**

Plaintiff was a pre-trial detainee at the Shelby County Criminal Justice Complex at the time of his alleged injury.  (ECF No. 47-5 at PageID 215.)  Plaintiff alleges that Defendant showed deliberate indifference to Plaintiff's medical needs while he was at the Jail.  (*Id.* at PageID 216.)

Defendant now moves for summary judgment.  (ECF No. 40.)  She argues that Plaintiff failed to exhaust his administrative remedies before bringing suit as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e (2012).  Plaintiff has not responded to Defendant's motion for summary judgment.

For the reasons below, the Court **GRANTS** Defendant's motion for summary judgment and **DISMISSES** Plaintiff's claim.

**LEGAL STANDARD**

Courts are to grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "establish[es] or refute[s] an essential element of the cause of action or defense."  *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted).  Not all disputes are genuine.  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The reviewing court "must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration."  *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

## ANALYSIS

The Prison Litigation Reform Act ("PRLA") "seeks to alleviate the burden of this litigation by requiring prisoners to exhaust all administrative remedies before they can file suit in federal court." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (citing 42 U.S.C. § 1997a). "The 'dominant concern' of the PLRA is 'to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court.'" *Id.* (quoting *Porter v. Nussle,* 534 U.S. 516, 528 (2002) (making the exhaustion requirement mandatory)).

"Specifically, the law provides that '[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Id.* (quoting 42 U.S.C. § 1997e(a)).

"This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, *Brock v. Kenton County,* 93 Fed. App'x. 793, 798 (6th Cir.2004); even when the state cannot grant the particular relief requested, *Booth v. Churner,* 532 U.S. 731, 741 (2001); and 'even where [the prisoners] believe the procedure to be ineffectual or futile . . ..'" *Id.* (quoting *Pack v. Martin,* 174 Fed. App'x. 256, 262 (6th Cir.2006)).

Here, Defendant claims that Plaintiff filed to exhaust his administrative remedies before filing suit. This contention is unopposed. So the undisputed fact is that "Plaintiff did not fully exhaust his available grievance remedies regarding the" allegations he has put forth in his complaint. (ECF No. 47-5 at PageID 219.) The Court thus finds that Plaintiff has failed to meet the requirements necessary under 42 U.S.C. § 1997a to file suit in federal court.

The Court therefore finds no material issue of fact and that Defendant is entitled to a judgment as a matter of law.  The Court thus **GRANTS** Defendant's motion for summary judgment and **DISMISSES** Plaintiff's claim against Defendant.

**SO ORDERED**, this 20th day of July, 2020.

                                             s/Thomas L. Parker
                                             THOMAS L. PARKER
                                             UNITED STATES DISTRICT JUDGE